**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-22859-CIV-ALTONAGA**

**FERNANDO CELSO**
**ALVAREZ GALLIMORE**,

Petitioner,

v.

**WARDEN, KROME**
**NORTH SPC**, *et al.*,

Respondents.[1]

____________________________/

**ORDER**

**THIS CAUSE** came before the Court on Petitioner, Fernando Celso Alvarez Gallimore's Third Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. [Section] 2241 ("Third Petition") [ECF No. 1], filed on April 23, 2026. Respondent filed a Response [ECF No. 6]; to which Petitioner filed a Reply [ECF No. 7]. Petitioner challenges his detention at the Krome North Service Processing Center ("Krome") in Miami, Florida. (*See generally* Third Pet.).

The Court previously considered and denied Petitioner habeas relief in *Gallimore v. Warden, Krome North SPC* ("*Gallimore I*"), No. 26-cv-21696 (S.D. Fla. 2026). In *Gallimore I*, the Court determined it could not review Petitioner's claims because 8 U.S.C. section 1252(a)(2)(A) stripped it of subject matter jurisdiction based on Respondents' representation that Petitioner was subject to expedited removal and thus detained under 8 U.S.C.

[1] Petitioner names several Respondents, including the Warden of the Krome North Service Processing Center. (*See* Pet. ¶¶ 28–29). According to Respondents, the only proper party is the Warden of Krome (*See* Resp. 1 n.1 (alteration added)); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) (reaffirming that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent"). Petitioner does not contest that assertion. (*See generally* Dkt.). Thus, the Court refers to a singular Respondent.

section 1225(b)(1). *See generally Gallimore I*, No. 26-cv-21696, Apr. 10, 2026 Order [ECF No. 8].[2]

"Federal courts . . . retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (alteration added); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . the general principle is to avoid duplicative litigation." (alteration added; citations omitted)). This doctrine "rest[s] on consideration of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation[,]" *Colo. River Water Conservation Dist.*, 424 U.S. at 817 (alterations added; citation and quotation marks omitted), and "ensures that a plaintiff may not split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails[,]" *Greene v. H & R Block E. Enters., Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (alteration added; citation and quotation marks omitted).

"[A] suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (alteration added; citations omitted); *see also Lorusso v. Sec'y, Dept. of Homeland Sec.*, No. 25-13417, 2026 WL 907054, at *1 (11th Cir. Mar. 6, 2026). "Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding[.]" *I.A Durbin*, 793 F.2d at 1551 (alteration added; citations omitted); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).

This action is duplicative of *Gallimore I*. First, this action involves virtually the same

---

[2] Following the Court's dismissal of Petitioner's habeas petition in *Gallimore I*, Petitioner filed a *pro se* habeas petition — which was dismissed as duplicative. *See generally Gallimore v. Krome N. Serv. Processing Ctr.* ("*Gallimore II*"), No. 26-cv-21806, Apr. 14, 2026 Order [ECF No. 9] (Damian, J.).

parties as the first-filed action.[3] *See Gallimore I*, No. 26-cv-21696.

Second, the issues presented in this action do not significantly differ from those raised in the first-filed action. As in *Gallimore I*, Petitioner here: (1) asserts that the Court retains subject matter jurisdiction over his habeas action notwithstanding the jurisdiction-stripping provision in 8 U.S.C. section 1252(a)(2)(A), *compare Gallimore I*, No. 26-cv-21696, Petition for Writ of Habeas Corpus ("First Petition") [ECF No. 1] 4–5, *and Gallimore I*, No. 26-cv-21696, Petitioner's Reply to Order to Show Cause [ECF No. 7] 6–7, *with* (Third Pet. ¶¶ 31–42; Reply 3–5); (2) contends that his re-detention in October 2025 violated the Fourth Amendment, *compare* First Pet. 6–8, *with* (Third Pet. ¶¶ 43–46); (3) alleges that he is being detained under the incorrect statutory scheme, and that his detention is governed instead by 8 U.S.C. section 1226, *compare* First Pet. 8–16, *with* (Third Pet. ¶¶ 47–58); and (4) argues that his re-detention without a pre-deprivation hearing violates the Fifth Amendment, *compare* First Pet. 18–20, *with* (Third Pet. ¶¶ 59–60). In effect, the instant habeas action raises no issues materially distinct or independent from those already presented in the first-filed action.[4]

Lastly, the relief Petitioner seeks in this action is identical to the relief sought in his first-

[3] Both this action and the first-filed action name the Warden of Krome, Acting Director of Immigration and Customs Enforcement, and the U.S. Attorney for the Southern District of Florida as Respondents. In the first-filed action, Petitioner also named then-U.S. Attorney General Pamela Bondi and the Executive Office of Immigration Review Miami Immigration Court ("EOIR Miami"). *See Gallimore I*, No. 26-cv-21696. In this action, Petitioner substitutes current Acting U.S. Attorney General Todd Blanche for former Attorney General Bondi and omits EOIR Miami as a Respondent. (*See generally* Dkt.). These changes are immaterial to the Court's analysis.

[4] Petitioner's latest filing separately contends that, even assuming 8 U.S.C. section 1225(b)(1) was invoked against him, he is not subject to that provision by virtue of the exception set forth in section 1225(b)(1)(A)(iii)(II). (*See* Third Pet. ¶¶ 40–42). As the Court explained in *Gallimore I*, Congress created only a narrow exception in 8 U.S.C. section 1252 that permits district court review in matters implicating expedited removal proceedings under section 1225(b)(1), yet that exception does not authorize review of challenges concerning the implementation, operation, or applicability of section 1225(b)(1) to noncitizens like Petitioner. *See Gallimore I*, No. 26-cv-21696, Apr. 10, 2026 Order 5–6. Rather, section 1252(a) makes clear that federal courts of appeals — here, the Eleventh Circuit — provide the exclusive forum for review of such claims. *See id.* 5; *see also* 8 U.S.C. § 1252(a)(2)(D), (a)(5).

filed action — release from custody or an individualized bond hearing consistent with 8 U.S.C. section 1226(a). *Compare* First Pet. 20, *with* (Third Pet. 18–19).

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Petitioner, Fernando Celso Alvarez Gallimore's Third Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. [Section] 2241 **[ECF No. 1]** is **DISMISSED** without prejudice as duplicative.[5] The Clerk of Court is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 13th day of May, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record

[5] Nothing in this Order precludes Petitioner from appealing the Court's April 10, 2026 Order in *Gallimore I*, should he so choose. *See* Fed. R. App. P. 4(a)(1)(B) ("[A] notice of appeal may be filed by any party within 60 days after entry of judgment or order appealed from if one of the parties is: . . . (ii) a United States agency; [or] (iii) a United States officer or employee such in an official capacity[.]" (alterations added)).